IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HENRY D. DEATON,

Plaintiff,

v.                                                    CIV 12-00734 WDS/LFG

BERNALILLO COUNTY,

Defendant.

MEMORANDUM OPINION AND ORDER GRANTING
MOTION TO REMAND

This matter comes before the Court on Plaintiff Henry Deaton's *Motion to Remand.* [Doc. No. 10]  The primary issues before the Court are whether the pleadings and other papers in this case present a federal question that conveys subject matter jurisdiction to this Court.  The Court has considered the aforementioned Motion, Defendant Bernalillo County's Response thereto, and Plaintiff's Reply.  Because the Court does not have subject matter jurisdiction, the Motion To Remand will be granted.

FACTUAL AND PROCEDURAL BACKGROUND[1]

This case arises from the construction of two 1500 square foot storage buildings on Plaintiff Deaton's property at 11 Frost Road, Sandia Park, New Mexico.  The property is located within Bernalillo County.  Deaton applied for a building permit for the construction of the buildings in early 2009.  A residential building permit, No. 90116, was issued on April 6, 2009.  Although the permit was issued as a residential permit, the scope of work clearly described the two 1500 square foot commercial storage buildings.  It appears that someone recognized the error of issuing a residential permit for Deaton's project, and a second, commercial permit was issued for the project,

---

[1]All of the facts are taken from Deaton's state court Complaint.

backdated to April 6, 2009.  The second permit, No. 90032, contained the same scope of work, contained a corrected legal description of the property, and reflected C-1 zoning.

The construction of the two buildings was completed on May 6, 2009.  All construction inspections were completed.  An electrical permit was issued on May 11, 2009, and the electrical system was green-tagged on June 19, 2009.  Deaton installed landscaping and an irrigation system.

The green tag on the electrical system was later removed without notice to Deaton.  The building was left without power, and could not be used.  On January 19, 2010 the Bernalillo County Zoning Board issued a case comment report, which stated that the property did not meet minimum standards.  The report identified new requirements, specifically that the property needed C-2 zoning or a special use permit.  In the fall of 2011 the county cancelled Building Permit 90032.

On June 7, 2012, Plaintiff filed his original Complaint in Second Judicial District Court in Bernalillo County, New Mexico.  The complaint alleges that the zoning administrator is required to certify compliance with zoning regulations before a building permit is issued.  The complaint challenges what it describes as the retroactive imposition of zoning requirements after the completion of a construction project, and includes four bases for relief:

1.  Plaintiff seeks a Writ of Mandamus requiring county officials to overturn the case comments of January 19, 2010, reinstate C-1 zoning, reinstate Building Permit 90032, and proceed with final inspections based upon the original requirements of the permit;

2.  Plaintiff seeks to estop the county from adding new requirements in a retroactive manner, claiming that he relied upon the issuance of the original permits when he proceeded with construction of his two storage buildings;

3.  Plaintiff claims that the County's removal of the electrical green tag, imposition of new requirements, and retroactive cancellation of the building permit constitutes an inverse

condemnation, taking or damage under Article II, Section 20 of the New Mexico Constitution, and under NMSA 1978 § 42A-1-29; and

4.   Plaintiff claims that the removal of the electrical green tag, imposition of new requirements, and retroactive cancellation of the building permit constitutes a deprivation of property rights without due process of law in violation of the United States Constitution and the New Mexico Constitution, entitling him to recover damages under 42 U.S.C. § 1983 and attorney fees pursuant to 42 U.S.C. § 1988.

Defendant filed a Notice of Removal on July 6, 2012.  In the Notice of Removal Defendant cites §1441(b)(diversity of citizenship) but alleges that this Court has federal question jurisdiction because Plaintiffs' Complaint is founded on a claim or right arising under the Constitution, treaties or laws of the United States, specifically 42 U.S.C. § 1983 and 42 U.S.C. §1988.

Deaton's Motion to Remand is based on his claim that, while the state court complaint does contain the allegations under 42 U.S.C. § 1983 and 42 U.S.C. §1988, those claims are not ripe for decision and therefore do not provide a basis for federal question jurisdiction.

## DISCUSSION

Federal court jurisdiction is to be strictly construed. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941).  [T]here is a presumption against removal jurisdiction. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus v. Miles*, *Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

## I.  TECHNICAL FLAWS IN THE NOTICE OF REMOVAL

In his Motion to Remand, Deaton notes that Defendant's Notice of Removal cites 28

U.S.C.§1441(b)–diversity of citizenship–as the basis for removal, but narratively states that the basis

for removal is federal question jurisdiction.  It is apparent to the Court that the basis for removal is

the latter reference, and Defendant meant to cite 28 U.S.C.§1441(c).  Deaton, to his credit, noted,

but did not seek to take advantage of this technical flaw.  However, given the strict construction of

federal court jurisdiction and presumption against removal jurisdiction, in the Court's opinion it is

prudent to address this issue before getting to the merits of Deaton's motion.

The Tenth Circuit has allowed defendants to remedy defects in their petition or notice of

removal. *See Jenkins v. MTGLQ Investors*, 218 Fed. Appx. 719, 723 (10th Cir.

2007)(unpublished)(granting unopposed motion to amend notice of removal to properly allege

jurisdictional facts); *Watkins v. Terminix Int'l Co., Nos. 96-3053, 96-3078*, 1997 U.S. App. LEXIS

36294, 1997 WL 34676226, at *2 (10th Cir. 1997)(per curiam)(unpublished decision)(reminding

the defendant that, on remand, it should move to amend the notice of removal to properly allege

jurisdictional facts); *Lopez v. Denver & Rio Grande W.R.R. Co.*, 277 F.2d 830, 832 (10th Cir.

1960)("Appellee's motion to amend its petition for removal to supply sufficient allegations of

citizenship and principal place of business existing at the time of commencement of this action is

hereby granted, and diversity jurisdiction is therefore present.").  Here there is no dispute over the

jurisdictional facts upon which Defendant's Notice of Removal is based, but there is simply a

miscite to a statute.  If the Court were denying Deaton's motion, it would grant leave to Defendant

to file an amended Notice of Removal that corrected the mistake.  Here, where the Court is granting

the Motion to Remand, filing of an amended Notice of Removal is not necessary and the Court will

reach the merits of the motion.

## II. THE EXISTENCE OF A FEDERAL QUESTION

Where there is no diversity of citizenship between the parties, as in this case, the propriety

of removal turns on whether the case falls within the original "federal question" jurisdiction of

United States district courts under 28 U.S.C. § 1331. The presence or absence of federal question

jurisdiction in any specific case is governed by the "well-pleaded complaint" rule. That rule states

that a complaint originally filed in state court cannot be removed to federal court unless federal

jurisdiction appears from the face of a "well-pleaded complaint." *Gully v. First National Bank*, 299

U.S. 109, 57 S. Ct. 96, 81 L.Ed. 70 (1936); *see also Louisville & N. R. Co. v. Mottley*, 211 U.S. 149,

29 S. Ct. 42, 53 L. Ed. 126 (1908). The rule has been stated by the Supreme Court as follows:

> [W]hether a case is one arising under the Constitution or a law or treaty of the United
> States, in the sense of the jurisdictional statute, ... must be determined from what
> necessarily appears in the plaintiff's statement of his own claim in the bill or
> declaration, unaided by anything alleged in anticipation of avoidance of defenses
> which it is thought the defendant may interpose.

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10,

103 S. Ct. 2841, 77 L. Ed.2d 420 (1983) (quoting *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S.Ct.

724, 58 L.Ed. 1218 (1914)).   Under this rule, the plaintiff may avoid federal jurisdiction by

exclusive reliance on state law in his complaint. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392,

107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).  District courts have original jurisdiction over all actions

arising under the Constitution, laws or treatises of the United States. *See* 28 U.S.C. § 1331.

On its face, Deaton's complaint does contain claims for relief under the United States

Constitution and 42 U.S.C. § 1983 and 42 U.S.C. §1988.  Complaints that include these claims for

relief are frequently removed to federal court.  Plaintiff, however, argues that the federal claims are

not ripe, and therefore do not provide a basis for removal under federal question jurisdiction.  There

are two questions for the Court to address: (1) are Deaton's federal claims ripe, and (2) if not, does

that require remand to state court?  In its Response, Defendant has included a cross motion seeking

dismissal of the unripe claims if the Court elects to remand the action to state court.  The Court will

address that issue, as well.

Ripeness is a question of subject matter jurisdiction under Article III of the United States

Constitution. *Bateman v. City of West Bountiful*, 89 F.3d 704, 706 (10th Cir. 1996). The rationale

behind the ripeness doctrine is to prevent

> the courts, through avoidance of premature adjudication, from entangling themselves
> in abstract disagreements over administrative policies, and also to protect the
> agencies from judicial interference until an administrative decision has been
> formalized and its effects felt in a concrete way by the challenging parties.

*Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967).

"The Takings Clause of the Fifth Amendment, applicable to the States through the

Fourteenth Amendment, prohibits the government from taking private property for public use

without just compensation." *Palazzolo v. Rhode Island*, 533 U.S. 606, 617 (2001) (internal citation

omitted). "Before a federal court can properly determine whether the state has violated the Fifth

Amendment, the aggrieved property owner must show first that the state deprived him of his

property, and second, that the state refused to compensate him for his loss." *Miller v. Campbell*

*County*, 945 F.2d 348, 352 (10th Cir. 1991) (citing *Williamson County Reg'l Planning Comm'n v.*

*Hamilton Bank of Johnson City*, 473 U.S. 172, 194-97 (1985)). "Because the Fifth Amendment

does not require compensation to be paid before deprivation occurs, a 'taking' is not complete until

the State fails to provide 'just compensation' for the property." *Bateman*, 89 F.3d at 708 (citing

*Williamson*, 473 U.S. at 195) (internal citation omitted). Accordingly, in those states that provide

claimants adequate procedures to recover compensation for property taken by the state, "a Fifth

Amendment takings claim is not ripe until the claimant has used the procedure and been denied just

compensation." *Miller*, 945 F.2d at 352 (citing *Williamson*, 473 U.S. at 195).

It is apparent to the Court that Deaton originally filed a complaint in state court seeking "just

compensation" for the alleged taking arising from the facts stated in his complaint.  While Deaton did also include federal constitutional claims, those claims are not ripe until the completion or resolution of Deaton's claims against Defendant, in accordance with the cases cited above. Defendant cites *Bateman* for the proposition that an unripe claim should be dismissed, not remanded.  The Court does not agree.  The fact that a claim is unripe means that the court does not have jurisdiction to hear it.  If an unripe claim is originally filed in federal court, the correct procedure for a defendant is to file a motion to dismiss under Fed. R. Civ. Proc. 12(b)(1).  If an unripe claim is originally filed in state court, and then removed to federal court, there is no federal jurisdiction and the correct procedure is for the Court to remand to state court, which it will do in this case.

The Court also notes that Defendant has misconstrued Deaton's citation to the Tenth Circuit's holding in *SK Finance v. La Plata County, Board of County Commissioners*, 126 F.3d 1272 (10th Cir. 1997).  Defendant suggests that Deaton is arguing that the state takings claim must be heard in state court.  That is not the case, and as Deaton noted in his reply brief, *SK Finance* stands for the proposition that a state takings claim may be brought in federal court if the parties are diverse and the requirements of diversity jurisdiction are met.  The parties to this case are obviously not diverse.

Accordingly, the Court finds that Deaton's federal claims under the United States Constitution and 42 U.S.C. § 1983 and 42 U.S.C. §1988 are not ripe, and therefore do not provide a basis for federal question jurisdiction.  Since the Court does not have jurisdiction over this matter, it will GRANT Deaton's Motion to Remand to State Court.  The Court denies Defendant's cross motion to dismiss the claims under Fed. R. Civ. Proc. 12(b)(1).

IT IS THEREFORE ORDERED that Plaintiff Henry Deaton's *Motion to Remand* [Doc. No.

7

10] is GRANTED.

W. Daniel Schneider
United States Magistrate Judge