IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**HENRY D. DEATON,**

    **Plaintiff,**

**vs.**                                                                  **No. CIV. 12cv734 WDS/LFG**

**BERNALILLO COUNTY**

    **Defendant**

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion for Recovery of Attorney's Fees. (Doc. 29) Having considered the submissions, and being otherwise fully advised, the motion will be denied.

### PROCEDURAL HISTORY

On June 1, 2012, Plaintiff filed a complaint in the State of New Mexico's Second Judicial District. (Doc. 1, Exh. A) Plaintiff served Defendant with a Summons and copy of the Complaint on June 7, 2012. (Notice of Removal ¶ 2.) Defendant timely removed the instant personal injury claim to this Court on July 6, 2012. (Doc. 1) The Notice of Removal invoked this Court's federal question jurisdiction. (Notice of Removal ¶6 (citing 42 U.S.C. § 1983))

On July 12, 2012 Plaintiff filed a Motion to Remand (Doc. 10). The Court issued a Memorandum Opinion and Order (Doc. 27) remanding this case to the State of New Mexico's Second Judicial District. Subsequently, Plaintiff filed this Motion for Attorney's Fees pursuant to 28 U.S.C. §1447(c). (Doc. 29)

### ANALYSIS

Plaintiff seeks a § 1447(c) award for attorney's fees and costs. As the Supreme Court has noted: "Although § 1447(c) expressly permits an award of attorney's fees, it provides little guidance

on when such fees are warranted." *Martin v. Franklin Capital Corp.*, 126 S. Ct. 704, 707 (2005). In *Martin*, the high court clarified that a district court has "wide discretion" to award fees, but that this discretion ought to:

> turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.

*Id*. at 708, 711. This "reasonableness standard," therefore, reflects the *Martin* Court's "balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'" *Bauknight v. Monroe County*, 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting *Martin*, 126 S. Ct. at 711).

The Court concludes that Defendant had objectively reasonable grounds for removal and no fee award under §1447(c) award is warranted. First, reviewing the Complaint it is clear that Defendant's removal was not unreasonable *ab initio*. The first count of the complaint is captioned "Denial of Due Process." Paragraph 36 of Count One alleged that Defendant deprived Plaintiff of property rights without due process. Paragraph 37 of Count One alleged that Defendant violated Plaintiff's rights to procedural and substantive due process under the United States Constitution. Paragraph 38 of Count One specifically alleged that Plaintiff was entitled to collect damages under 42 U.S.C. §1983. These allegations were sufficient to provide Defendant with an "objectively reasonable basis" for believing that the case was removable under federal question jurisdiction. *See Martin*, 126 S. Ct. at 711. Plaintiff's suggestion that the language of Paragraph 63[1], part of the

---

[1] Paragraph 63 reads as follows: In the event that compensation is not available to Plaintiff pursuant to inverse condemnation under New Mexico law, there is no adequate remedy and Plaintiff is entitled to compensation under Amendment 5 to the United States Constitution

Fourth Count of the complaint, removed the objectively reasonable basis for removal is, in the Court's opinion, not well taken. The language in question appeared in a completely different count of the complaint, and does not change the fact that Count One, as pled, stated an unequivocal federal claim under §1983. Furthermore, the Court finds there is no evidence of bad faith, or use of removal to create delay, as alleged by Plaintiff. Accordingly, Plaintiff's request for fees and costs will be denied.

## CONCLUSION

For the foregoing reasons, the Court concludes that Defendant had "objectively reasonable" grounds to remove the instant claim to federal district court, and Plaintiff's Motion for Recovery of Attorney's Fees (Doc. 29) is DENIED.

**IT IS SO ORDERED**.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE

---

and 42 U.S.C. §1983 (damages) and 42 U.S.C. §1988 (attorney fees).